ANDREW C. MAXWELL v. THE BAY CITY BRIDGE COMPANY.

*Taxation of costs—Map.*

An affidavit stating generally that the items of disbursements given in a bill of costs were "necessary to the proper preparation of this case for hearing" is not specific enough to support the taxation of the expense of drawing and engraving a map that had been returned in the bill of exceptions and printed in the record.

APPEAL from taxation of costs. In taxing costs, the Clerk of the Supreme Court allowed the following items:

"To paid to engineer for preparing draft of map in bill of exceptions....................... $12 00
"To paid for wood-cut in bill of exceptions.... 15 00

The engraving appears in the report of *Maxwell v. Bay City Bridge Co.*, 41 Mich., 458. The affidavit for the taxation of costs stated that the bill of costs was correct and that the items of disbursements were "necessary to the proper preparation of this case for hearing." The appeal was from the allowance of the items above set forth. Submitted Oct. 28. Decided Oct. 29.

*Holmes, Collins & Stoddard* and *Chaney* for the appeal. Costs are statutory and cannot be made to embrace unauthorized expenses: they are refused for such expenses as for printing briefs (*Bowditch Ins. Co. v. Winslow*, 3 Gray,

433), obtaining exemplifications or copies of judgments
or other documents used· on the trial (*Den v. Johnson*, 1
Green [N. J.], 156), or of papers necessary to establish
plaintiff's title in ejectment (*Murphy v. Loyd*, 3 Whart.,
356), surveyor's fees (*Anonymous*, Spencer, 112; *Low v.
Vrooman*, 15 Johns., 238) compensation to artists or sur-
veyors, (*Caldwell v. Miller*, 46 Penn. St., 235) printing
testimony (*Spaulding v. Tucker*, 2 Sawyer, 50), or obtain-
ing a transcript of the stenographer's minutes for the
use of counsel in settling a bill of exceptions, *Hayes v.
Livingston*, 35 Mich., 371.   The costs provided for by
rule are the clerk's fees (Sup. Ct. Rule 52), counsel fee
(Rule 48) and necessary expenses for printing case and
points, Rule 33.

*A. C. Maxwell* in person against.

THE COURT held that the affidavit for the taxation of
costs was not sufficiently specific to support the items
objected to, under Comp. L., § 7425, which provides
that "when there shall be charges in a bill of costs for
the attendance of any witness, or for copies or exempli-
fications of documents or papers, or for any other dis-
bursements, except to officers for services rendered,   *
*   such charges for copies shall not be taxed without
an affidavit that such copies   *   *   were necessarily
obtained for use; nor shall such disbursements be
allowed without an affidavit specifying the items thereof
particularly, nor unless they appear to have been neces-
sary and reasonable in amount."
Retaxation was accordingly ordered.